# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-2055

_____

IKON Office Solutions, Inc.,        *
                                    *

        Plaintiff-Appellant,     *
                                    *

    v.                         *
                                    *

Robert J. Dale; William J. Dale;   *
Terry R. Nissen; Computer Business  *
Solutions, Inc.,              *
                                  *

        Defendants-Appellees.  *

Appeals from the United States
District Court for the District of
Minnesota.

_____

No. 01-2667

_____

[UNPUBLISHED]

IKON Office Solutions, Inc.,      *
                                    *

        Plaintiff-Appellee,    *
                                    *

    v.                         *
                                    *

Robert J. Dale;            *
                                    *

        Defendant-Appellant,   *
                                    *

William J. Dale; Terry R. Nissen;  *
                                    *

        Defendants,        *
                                    *

Computer Business Solutions, Inc.,        *
                                          *
            Defendant-Appellant.          *
                                   _____

                          Submitted: October 17, 2001

                            Filed: October 24, 2001
                                   _____

Before McMcMILLIAN, FAGG, and BEAM, Circuit Judges.
                                   _____

PER CURIAM.

IKON Office Solutions, Inc. sold part of its business involving the sales and service of computer equipment and directly related business products and supplies to employee Robert J. Dale and his new company, Computer Business Solutions, Inc. (CBS). In the sale and purchase agreement, Dale and CBS expressly agreed not to compete with IKON's business "relating to copiers, facsimiles, typewriters and all other activities and products which are not exclusively and directly related to computer equipment, and service of the same." In the employment separation agreement incorporated by reference, Dale agreed not to compete with IKON's business for "a period of five (5) years from June 1, 1998" except for the purchased business.

Following a dispute about CBS's sale of digital copiers, which serve as both computer printers and traditional copiers, IKON brought this diversity action in Minnesota claiming breach of contract, misappropriation of trade secrets, interference with actual and prospective business relations, breach of fiduciary duty, interference with IKON employee relations, and unfair competition. IKON sought injunctive relief and damages. After balancing the preliminary injunction factors set forth in

Dataphase Sys., Inc., v. CL Sys., Inc., 640 F.2d 109, 112-14 (8th Cir. 1981), the district court[*] granted IKON's motion for a temporary injunction against Dale and CBS on the breach of contract claim relating to the noncompete agreement, but denied IKON's motion on all other claims and against all other parties. Applying Minnesota law, the district court concluded IKON would likely succeed on its breach of contract claim related to the noncompete agreement, but the agreement is unreasonable as written. Using Minnesota's "blue pencil doctrine" allowing a court to modify an unreasonable noncompete agreement, the district court changed the time period from five years to three years, and enjoined Dale and CBS from competing with IKON with respect to the sale or servicing of office equipment "not exclusively and directly related to computer equipment" for the remaining term. The district court later denied IKON's motion for reconsideration or modification challenging the reduced length of the noncompete provisions of the injunction. The district court also denied a request by Dale and CBS for permission to bring a motion for reconsideration.

On appeal, IKON contends the district court applied the wrong legal standard for evaluating the reasonableness of the five-year restriction because the court used the stricter test applicable in the employment contract context rather than the more lenient test applicable in the business transfer context. Compare Bennett v. Storz Broadcasting Co., 134 N.W.2d 892, 899-900 (Minn. 1965) (involving employment agreement) and Dynamic Air, Inc., v. Bloch, 502 N.W.2d 796, 799 (Minn. 1993) (same) with Bess v. Bothman, 257 N.W.2d 791, 795 (Minn. 1977) (involving sale of business). The district court applied the test used in the sale of business context when denying IKON's motion for reconsideration, however. Citing Bess, 257 N.W.2d at 795, the district court found the five-year restriction was unreasonable because it exceeds the protection necessary to secure any goodwill purchased, places

---

[*]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

an undue hardship on Dale and CBS, and has a deleterious effect on the interests of the general public. Thus, the district court applied the legal standard advocated by IKON for evaluating the reasonableness of the noncompete agreement. IKON also argues the district court abused its discretion in modifying the length of the injunction from five years to three years. Having carefully reviewed the issue, we conclude the district court made an acceptable discretionary call. See id. (time limitation should represent a reasonable balance between protection of plaintiff's goodwill and avoidance of undue hardship to defendant).

In a cross-appeal, Dale and CBS contend the district abused its discretion in refusing to hear its motion for reconsideration contesting the injunction's scope. Because we affirm the district court's reduction of the noncompete period to three years and that period has already expired, the injunction is no longer in effect and the contention is moot. Dale and CBS also assert the $1000 bond posted by IKON under Federal Rule of Civil Procedure 65(c) is inadequate. Rule 65(c) provides financial security for those who are enjoined in the event the injunction is later deemed wrong. The district court properly enjoined Dale and CBS, so the amount of IKON's bond is likewise moot.

We thus affirm the district court.

A true copy.

    Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-